(23 Misc. Rep. 248.)

### DENEHEY v. McCLOUD.

(City Court of New York, General Term. March 28, 1898.)

ACTION FOR PRICE—EVIDENCE—DISMISSAL.

In an action to recover an alleged unpaid balance of an agreed purchase price of a business sold by plaintiff's assignor to defendant, the assignor testified to the agreement for a sale to defendant for $350, of which $50 was paid, and that thereafter the defendant promised to pay more as quick as she could. *Held*, that this testimony furnished no basis for a dismissal of the complaint on the ground that defendant's agreement was merely to pay when able.

Appeal from trial term.

Action by David Denehey, administrator of Ellen Denehey, deceased, against Margaret McCloud. From a judgment dismissing the complaint on a trial before a jury, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before FITZSIMONS, C. J., and O'DWYER and OLCOTT, JJ.

Samuel I. Frankenstein, for appellant.
James A. Dunn, for respondent.

O'DWYER, J. The action is brought to recover the sum of $300, being a balance of an agreed purchase price of a half interest in a drygoods store in New York City. The action is brought by an administrator, to whose intestate this cause of action was assigned by the original party to the agreement of sale, Maria A. Walsh. The complaint substantially sets forth that Maria A. Walsh, the assignor of said cause of action, and this defendant, entered into a co-partnership for the buying and selling of dry goods under the style of Tanahy &

Co.,—Tanahy being the maiden name of this defendant; that said Maria A. Walsh contributed to the co-partnership business, as her share, the sum of $350, and five months thereafter it was agreed between the said Walsh and this defendant that said Walsh should withdraw from said business, and assign her interest therein to this defendant, in consideration whereof this defendant agreed to pay her the sum of $350; that, pursuant to said agreement, said Walsh did withdraw from said business, and did assign to this defendant her interest therein, and that this defendant paid to said Walsh the sum of $50 on account thereof, leaving a balance due of $300, no part of which has been paid; that this claim of $300 was assigned by said Walsh to the plaintiff's intestate.  The answer substantially admits all the allegations of the complaint, except that it denies that the consideration for the sale of the half interest of said business was $350, and avers, to the contrary, that the agreed price was $100, which sum of $100 the defendant did duly pay to the said Maria A. Walsh pursuant to said agreement.  The only point in issue, therefore, was whether the original price was $350 or $100, and whether only $50 on account of the $350 was paid, or whether the full sum of $100 was paid.  At the trial said Maria A. Walsh was called by the plaintiff, who testified to all the foregoing facts, and the plaintiff rested.  The defendant's counsel then moved to dismiss the complaint on the ground that it appeared from the testimony of the said Maria A. Walsh that the defendant agreed to pay her the $350 when she was able; and that, there being no evidence that the defendant was ever able to pay it, the plaintiff had failed to make out a prima facie case, and that hence the complaint must therefore be dismissed.  The court remarked that it appeared from the evidence that the defendant promised to pay when she could, and that, in order to entitle the plaintiff to a recovery, there must first be proof of the defendant's ability to pay.  But the fact is that there was no evidence that there ever was an agreement made between Miss Walsh and the defendant that she (the defendant) should pay the purchase price only when she could, or only when she was able to do so, and not otherwise.  Miss Walsh was recalled, and testified that, after she had received from the defendant the first payment of $50 on account, the defendant promised that she would pay her more just as quick as she could; that she (the defendant) thought that she would pay the balance monthly; and that finally, and about a year thereafter, when Miss Walsh again asked her for the payment of the balance, they both went to a notary public for the purpose of having the defendant execute her note to secure to Miss Walsh the payment of the balance, but a disagreement arose as to the amount for which the note should be made, and nothing was done.  The motion to dismiss was then granted, upon the alleged ground that the evidence showed that there was an agreement made between Miss Walsh and the defendant whereby Miss Walsh agreed to postpone the payment of the purchase price of her half interest in the business until the defendant was able to pay it, or until she could pay it; and that hence, before a recovery could be had in this action, there must be affirmative proof of the defendant's ability to pay; and that, such proof being lacking, the complaint must, of consequence, be dismissed; and to this ruling

the plaintiff duly excepted. The motion was improperly granted. and it follows that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide event. All concur.